UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROBERT WILLIS MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-cv-031-JMH-HAI |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANGELA NAPIER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

Plaintiff Robert Willis McKinney, a former state inmate proceeding pro se, filed this action on January 17, 2017, pursuant to 42 U.S.C. § 1983, alleging various civil rights abuses while he was incarcerated at the Northpoint Training Center, a state detention facility. Kentucky Department of Corrections records indicate that McKinney was released on parole in September 2018. But McKinney has failed to update his mailing address with the Court and has not responded to a recent order to show cause. As a result, after weighing the relevant factors, McKinney's failure to prosecute justifies dismissal of this civil action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I. Procedural Background**

This case, originally filed in the United States District Court for the Western District of Kentucky, was transferred to this Court on January 25, 2018. [DE 61]. Currently, the only

1

remaining Defendant in the action is Angela Napier, a former employee at Northpoint.

On July 18, 2018, the Court entered a scheduling order in this matter. [DE 112]. Pursuant to the scheduling order, the parties were to complete pretrial discovery on or before November 29, 2018, and file dispositive motions, if any, on or before December 19, 2018. [*Id.*]. Neither party has indicated that any discovery has occurred in this matter since the scheduling order was entered. Furthermore, neither party has filed dispositive motions. Additionally, there has been no docket activity initiated by either party since July 2018. [*See* DE 113].

Recently, the Court ordered the Plaintiff to show cause why the matter should not be dismissed for failure to state a claim. [DE 115]. A notice from the Clerk's Office indicates that the order was mailed to McKinney's last known address and was returned as undeliverable. [DE 116]. A search of the Kentucky Offender Online Lookup System indicates that McKinney was released on parole on or around September 4, 2018. Kentucky Department of Corrections, *KOOL: Kentucky Online Offender Lookup*, http://kool.corrections.ky.gov/KOOL/Details/99996, last visited December 12, 2019.

As of this writing, McKinney has not responded to the Court's order to show cause and the time to respond has passed. [*See* DE 115]. Additionally, there is no indication that McKinney has

2

updated his mailing address or contact information with the Court Clerk since he was released on parole. As a result, this matter is ripe for review.

## II. Analysis

At this juncture, it does not appear that McKinney is interested in continuing to prosecute this action. McKinney has failed to comply with the Court's scheduling order and has failed to respond to the Court's recent order to show cause. Furthermore, mail sent to McKinney has been returned as undeliverable, even though, as a pro se filer, McKinney has an obligation to update the Court Clerk about any address changes.

Federal Rule of Civil procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (citing Fed. R. Civ. P. 41(b)). The Sixth Circuit has held that district courts must be given substantial discretion in docket management and avoidance of unnecessary burdens on tax-supported courts and opposing parties. *Id.* at 363 (citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

Four factors are to be considered when determining whether an action should be dismissed for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's

3

conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). The relevant factors are considered below.

**A. McKinney's Failure to Cooperate and Comply with Court Orders is Due to Fault**

While the Court hesitates to impute willfulness or bad faith on the part of the Plaintiff for failure to respond and prosecute this matter, there is a clear indication that the failure to prosecute in this matter is due to the fault of the Plaintiff. The record indicates that the Court's scheduling order, entered on July 18, 2018, was served on the Plaintiff. [*See* DE 112].

Additionally, as a pro se filer, the Plaintiff has an obligation to update the Court of any change in address or contact information. The initial scheduling order entered in the Western District of Kentucky stated: "Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**." [DE 10 at 4, Pg Id 111]. McKinney was clearly aware of this obligation to update his address since he filed notices of change of address on at least four occasions. [DE 5, DE 12; DE 70; DE 100].

Moreover, the record clearly indicates that McKinney knows how to file notices and motions with the Court. In fact, the initial scheduling order requires that the Clerk of the Court send McKinney a copy of the Pro Se Prisoner Handbook. [DE 10 at 4, Pg ID 111]. This handbook contains information for pro se prisoners about how to file motions and contact the Court.

Finally, there is no indication of any good cause for McKinney's failure to comply with the Court's deadlines and orders. Records indicate that McKinney was released on parole in September 2018. As a result, McKinney likely has access to the necessary resources to prosecute this case or, at the very least, update the Court of his current address and contact information.

In sum, McKinney's failure to update his address with the Court, prosecute this matter, and comply with he Court's show cause order is based on the fault of McKinney alone. As a result, the first factor weighs in favor of dismissal.

**B. McKinney's Failure to Prosecute Prejudices the Defendant**

The remaining Defendant, Angela Napier, is proceeding pro se in this matter. Napier has neither filed any dispositive motions nor moved for any relief in this matter. Still, the prospect of pending litigation certainly imposes some costs and burdens on Napier.

Civil litigation can be time consuming and stressful, especially for non-attorneys. While it appears that Napier has

5

expended little time and resources recently to defend herself in this action, the continuance of and uncertainty surrounding this litigation certainly imposes some stress. In fact, as a former corrections officer, Napier's address has been sealed in this matter for her protection.

Ultimately, continuance of this civil litigation without any action or attempt to prosecute by McKinney will result in continued stress and uncertainty for Napier. Additionally, McKinney's failure to prosecute the action makes it difficult, if not impossible, for Napier to defend herself in the matter or for the Court to provide relief to either party. As a result, McKinney's failure to prosecute has resulted and will continue to result in prejudice to Napier. This factor weighs in favor of dismissal.

**C. McKinney Was Warned That Failure to Cooperate May Result in Dismissal**

McKinney was clearly warned on two occasions that failure to cooperate may result in dismissal. First, in the initial scheduling order entered in the Western District of Kentucky, the Court warned McKinney that failure to update his mailing address may result in dismissal. [DE 10 at 4, Pg Id 111]. McKinney was clearly aware of this obligation but has failed to comply with the Court's order since he was released on parole.

Second, on January 10, 2019, this Court required McKinney to show cause within twenty-one days why the action should not be

dismissed. [DE 115]. McKinney failed to comply with this order and an attempt to mail a copy of the order to McKinney was returned undeliverable. [*See* DE 113]. As a result, this factor weighs in favor of dismissal.

**D. The Court Has Attempted to Employ Less Drastic Sanctions**

Fourth, and finally, this Court's show cause order was an attempt at employing less drastic sanctions in this matter. The show cause order was intended to put McKinney on notice of the need for his cooperation in this matter and catalyze some action by McKinney. McKinney's failure to update his mailing address makes it difficult for the Court to contact McKinney or employ any additional sanctions other than dismissal. As a result, the fourth factor also weighs in favor of dismissal.

### III. Conclusion

Ultimately, while the Court is aware that dismissal under Rule 41(b) is a harsh sanction, all four factors to be considered before dismissal weigh in favor of dismissal of this action with prejudice. This Court cannot prosecute this action on McKinney's behalf and is not obliged to let this case sit on the Court's active docket indefinitely. McKinney's failure to prosecute this action or update his address makes it impossible for the Court to provide relief to either party or resort to less harsh sanctions to mobilize McKinney to act. Finally, allowing this lawsuit to continue without any further action by McKinney will result in

continued uncertainty and stress for the pro se Defendant in this matter. Accordingly, upon the Court's own motion, **IT IS ORDERED** as follows:

(1) All remaining claims against Defendant Angela Napier are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) due to Plaintiff Robert McKinney's failure to prosecute; and

(2) The Clerk of the Court shall **STRIKE THIS MATTER FROM THE COURT'S ACTIVE DOCKET.**

This the 13th day of February, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge